# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09cv18

| ALBERT SPANGLER, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | ROSEBORO |
| Vs. | ) | ORDER |
| | ) | |
| LYN DEMSHOCK; AUTOMATIC DATA PROCESSING; MARY HANNAH; and INTERNAL REVENUE SERVICE, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendants Automatic Data Processing, Inc.'s and Lynn Demshock's Motion to Dismiss. Plaintiff is proceeding *pro se* and will be advised of his obligation to respond and the time for doing so.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that the moving defendants have filed a Motion to Dismiss contending that he has failed to sufficiently serve them with process. Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered.

> [T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.

Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir.1987) (internal quotations omitted). Where the procedural requirements of sufficient process and service of process are not

satisfied, a court lacks power to assert personal jurisdiction over a defendant. Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C.Cir.2002). Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate. Dimet Proprietary, Limited v. Industrial Metal Protectives, 109 F.Supp. 472 (D. Del. 1952). In responding to this motion, plaintiff may submit written arguments and any evidence he may have which he believes indicates that these defendants were properly served. This is not a time for arguments concerning facts of the case, only arguments and evidence that concern how plaintiff served these defendants with summonses and complaints and how such service satisfies the service requirements of Rule 4, Federal Rules of Civil Procedure.

Finally, plaintiff is advised that he has until April 20, 2009, to file his response with the Clerk of this court, that such response must be served on all the other parties, and that he must include a certificate of service indicating the manner in which he served such parties.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff respond to defendants Automatic Data Processing, Inc.'s and Lynn Demshock's Motion to Dismiss (#6) not later than April 20, 2009.

Signed: April 6, 2009

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge