IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:09cv18

| | |
|---|---|
| ALBERT SPANGLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| Vs. ) | |
| ) | |
| LYN DEMSHOCK; AUTOMATIC ) | |
| DATA PROCESSING; MARY HANNAH; ) | |
| and INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the court on defendants Automatic Data Processing, Inc.'s and Lynn Demshock's Motion to Dismiss. Plaintiff is proceeding *pro se.* He was advised of his opportunity to respond and the manner in which a response could be made. In accordance with such instruction, plaintiff filed a response on April 14, 2009. Having considered the pleadings of record, the undersigned enters the following findings, conclusions, and recommendation

## FINDINGS AND CONCLUSIONS

### I. Nature of the Action

In this action, plaintiff attempts to challenge a writ of garnishment issued by the Internal Revenue Service (hereinafter "IRS") by asserting, *inter alia*, that Automatic Data Processing, Inc., and its employee Lynn Demshock (hereinafter the "private defendants"), who complied with such writ, infringed upon a number of plaintiff's constitutional and statutory rights. Plaintiff brings his causes of action for

-1-

infringement of federal protected rights under 42, United States Code, Sections 1983, 1985, & 1986. Complaint, at ¶ 1-3.

## II. The Motion to Dismiss

The private defendants have moved to dismiss under Rule 12(b)(5), Federal Rules of Civil Procedure. They contend that plaintiff failed to obtain proper service over them inasmuch as plaintiff sent the service package: (1) to the El Paso, Texas, office of ADP, Inc., which is a wholly owned subsidiary of its wholly owned subsidiary ADP Atlantic, LLC, and that Automatic Data Processing, Inc., does not have an authorized agent for service of process at the El Paso location of ADP, Inc.; and (2) to the employee defendant at the El Paso office of ADP, where she does not work or reside.

Among other arguments, plaintiff has responded by arguing that Automatic Data Processing, Inc., is not a "foreign corporation" by relying on a definition provided by the tax code and further arguing that service of process was proper because the Postal Service "released the Certified Mail to agents aurthorized [*sic*] to sign and receive mailed documents." Plaintiff's Response, at 2.

The private defendants have timely filed a notice that they will not be filing a reply, but that they rely on their brief in support.

## III. Applicable Standard: Rule 12(b)(5)

Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted and considered.

> [T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.

Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir.1987) (internal quotations omitted). Where the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant. Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C.Cir.2002). Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate. Dimet Proprietary, Limited v. Industrial Metal Protectives, 109 F.Supp. 472 (D. Del. 1952).

## IV. Discussion

### A. Service of Automatic Data Processing, Inc.

The corporate defendant contends that plaintiff has failed to properly serve it in accordance with Rule 4(h), Federal Rules of Civil Procedure. Such rule provides as follows:

> **(h) Serving a Corporation, Partnership, or Association.**
> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
>     (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
>     (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent,

> or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant . . . .

Fed.R.Civ.P. 4(h). As referenced in Rule 4(h), Rule 4(e)(1) provides as follows:

> **(e) Serving an Individual Within a Judicial District of the United States.**
> Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made

Fed.R.Civ.P. 4(e)(1). In turn, North Carolina law provides for service of corporations as follows in Rule 4(j)(6)(c):

> (6) Domestic or Foreign Corporation. – Upon a domestic or foreign corporation by one of the following:
>
> > a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
> >
> > b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> >
> > c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
> >
> > d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and

> complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C.R.Civ.P. 4(j)(6).

In considering the Motion to Dismiss, the court has considered the Declaration of Lawrence J. Hurley (docket entry # 6-2), which provides that the corporate defendant is a Delaware corporation with its principal place of business in Roseland, New Jersey. Id. Further, Mr. Hurley averred that the corporate defendant maintains agents for service of process in every state wherein it conducts business, and that it has no agents for service of process at the ADP, Inc., facility in El Paso. Id.

First, the court has considered whether the service that was obtained - - service of a subsidiary - - amounts to service of the corporate parent. Plaintiff has served a wholly owned subsidiary of one of the corporate defendant's wholly owned subsidiaries. Plaintiff has failed, however, to cite the court to any North Carolina or federal law which holds that service of a subsidiary is service of a parent corporation. In order for plaintiff to argue and show that service of a subsidiary amounts to service of the parent, plaintiff would have to make a fact specific showing:

> [s]ervice on a subsidiary does not confer jurisdiction over the parent where separate corporate identities are maintained, *e.g.*, *Lasky v. Continental Products Corp.*, 97 F.R.D. 716, 717 (E.D.Pa.1983), unless the subsidiary is found to be either the alter ego or the agent of the parent. *E.g.*, *Quarles v. Fuqua Industries, Inc.*, 504 F.2d 1358 (10th Cir.1974).
> In order to find that a subsidiary is the alter ego or instrumentality of the parent, the Plaintiff must prove: "control by the parent to such a degree that the subsidiary has become its mere instrumentality;" *Steven v. Roscoe Turner Aeronautical Corporation*, 324 F.2d 157, 160 (7th Cir.1963); *Whayne v. Transportation Management Service*, 252 F.Supp.

> 573, 577 (E.D.Pa.1966); *aff'd per curiam sub nom.*, *Whayne v. Shuttler*, 397 F.2d 287 (3d Cir.), *cert. denied*, 393 U.S. 978, 89 S.Ct. 445, 21 L.Ed.2d 438 (1968).
>     Whether a subsidiary is the agent of the parent involves a determination that the separate corporate identities of the subsidiary and parent are a fiction and that the subsidiary is, in fact, being operated as a department of the parent. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 425-26 (9th Cir.1977). The parent must have actual, participatory and total control of the subsidiary. *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil*, 456 F.Supp. 831, 841 (D.Del.1978).

Akzona Inc. v. E.I. Du Pont De Nemours & Co., 607 F.Supp. 227, 237 (D.Del. 1984). As it is plaintiff's burden to defend its service, review of the pleadings in this matter provides no evidence that separate corporate identities are not being maintained.

Second, review of the pleadings in this matter reveals that plaintiff has neither served an officer, director, or managing agent of the corporate defendant, N.C.R.Civ.P. 4(j)(6)(a), nor has he served such defendant's authorized agent. N.C.R.Civ.P. 4(j)(6)(b). It would appear from the declaration of Mr. Hurley that the corporate defendant maintains its principal place of business in Roseland, New Jersey. Mr. Hurley does not state whether Automatic Data Processing, Inc., does business in North Carolina. Reference to the North Carolina Secretary of State's website provides that its Application for Certificate of Authority, filed in 1983, was withdrawn in 1994; however, such website still provides that it has a registered agent, in North Carolina:

>     Corporation Service Company
>     327 Hillsborough St.
>     Raleigh, NC 27603

See http://www.secretary.state.nc.us/corporations/Corp.aspx?PitemId=4725126. Whether or not this agent is still employed by such defendant is unknown to this

court. In any event, it does not appear that plaintiff has obtained proper service over this defendant and the undersigned will recommend that its Motion to Dismiss be granted without prejudice as to plaintiff attempting to perfect proper service. Inasmuch as Mr. Hurley has made a declaration in this matter, in which he has alluded to the corporate defendant having an agent for service of process in all states in which it does business and having a principal place of business in New Jersey, the court will require Mr. Hurley or counsel for the moving defendant to provide a supplemental statement providing therein:

(1) the corporate defendant's current mailing address and the name of an "officer, director, or managing agent" at such place of business; and

(2) a statement as to whether it does business in North Carolina, and if so, whether Corporation Service Company remains employed as its agent for service of process.

While such requirement may appear to be unfair to the corporate defendant, the courts simply do not have the resources to repeatedly revisit preliminary issues. Courts within this circuit have recognized that "[t]he Fourth Circuit has frowned upon dismissing a complaint before service of process on the defendant," Quinn v. Microsoft Corp., 2006 WL 1288310, *1 (W.D.Va.2006),[1] which is particularly true where the plaintiff is proceeding pro se. Wright v. N.C. State University, 1998 WL 937273, 5 (E.D.N.C. 1998). The sooner the court can reach the merits of the Complaint

---

[1] Due to the limits of electronic filing, copies of unpublished opinions referenced herein are incorporated by reference to the Westlaw citation.

or the merits of any substantive defense the corporate defendant may have to the Complaint the more efficient it can be with such limited resources.

D. **Service of the Private Individual Defendant**

As with service of the corporate defendant, plaintiff has also attempted to perfect service of the private individual defendant by serving her at the offices of ADP, Inc., in El Paso Instead, the rules provide for service of individuals either personally or by certified mail at their residence or "addressed to the party to be served." First, Rule 4(e) provides, as follows:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>    (A) delivering a copy of the summons and of the complaint to the individual personally;
>    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). In turn, North Carolina law (the location of the district court) adds to the federal rule by providing that service may be made by registered, certified, or signature confirmation mail, or by utilizing a designated delivery service (such as UPS, FedEx, etc.). N.C.R.Civ.p. 4(j)(1). Further, California law (the location where service is to be made) provides in relevant part as follows:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified

> in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . .and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code § 415.20(b).

Mr. Hurley has stated that Ms. Demshock both works and resides in California. Hurley Decl., at ¶ 7. Thus, mailing the service package to ADP, Inc., in El Paso, Texas, in no way conforms to the requirements of either the federal or state rules governing service of individuals. The individual defendant's Motion to Dismiss will, therefore, be allowed without prejudice.

Unlike the mailing address of the corporate defendant, the court will not require Mr. Hurley to reveal the home address of its employee Ms. Demshock. Such information is confidential information that could easily be abused. It will be up to plaintiff, who wants to bring Ms. Demshock into this case, to discern her home address. Mr. Hurley will be required, however, to provide in the notice discussed above the office address for Ms. Demshock.

* * *

Finally, the court would strongly encourage the parties to consider a waiver of service of process as provided by Rule 4 so as to avoid additional expenditures both public and private that do not move this case forward.

# RECOMMENDATION

**IT IS, THEREFORE, RECOMMENDED** defendants Automatic Data Processing, Inc.'s and Lynn Demshock's Motion to Dismiss (#6) be **GRANTED**, and that such motion be allowed without prejudice as to plaintiff attempting to obtain proper service over each defendant within the time remaining under Rule 4(m).

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 19, 2009

Dennis L. Howell
United States Magistrate Judge