# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09cv18

| ALBERT SPANGLER, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) ) | SECOND MEMORANDUM AND RECOMMENDATION |
| Vs. | ) ) | |
| LYN DEMSHOCK; AUTOMATIC DATA PROCESSING; MARY HANNAH; and INTERNAL REVENUE SERVICE, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on the United States' Motion to Dismiss (#15). Plaintiff is proceeding *pro se* was advised of his opportunity to respond and the manner in which a response could be made (#18). In accordance with such instruction, plaintiff filed a response on May 29, 2009 (#20), and the government timely replied. (#21) Having considered the pleadings of record, the undersigned enters the following findings, conclusions, and recommendation

## FINDINGS AND CONCLUSIONS

I.  **Nature of the Action**

In this action, plaintiff attempts to challenge a writ of garnishment issued by the Internal Revenue Service (hereinafter "IRS") by asserting, *inter alia*, that Automatic Data Processing, Inc., and its employee Lynn Demshock (hereinafter the "private defendants"), who complied with such writ, infringed upon a number of plaintiff's constitutional and statutory rights. As to his claims against the United States, plaintiff

seeks a declaratory judgment that the Internal Revenue Service's attempts to collect his income tax liabilities should be prohibited and stopped. In response to the Motion to Dismiss, plaintiff argues that the IRS lacks the authority to levy against his wages to collect income tax liabilities, that the tax code does not define "income," that taxation of individuals violates the sixteenth amendment, and that payment of federal income tax is voluntary. Such arguments are not responsive to the dispositive motion before the court.

## II.     The Motion to Dismiss

The government has moved to dismiss plaintiff's Complaint pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. The government also seeks dismissal of the Complaint as to Mary Hannah and the IRS as the proper party to this suit is the United States.

## III.    Applicable Standard: Rule 12(b)(1)

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. <u>Mansfield, C. & L.M.R. Co. v. Swan</u>, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. <u>Capron v. Van Noorden</u>, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and

provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In the Roseboro Order, plaintiff was so advised. In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986)). The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order dismissing a case on the grounds that the undisputed facts establish a lack of subject matter jurisdiction is a legal determination subject to de novo appellate review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989); Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

## IV. Discussion

### A. Suit Against the Real Party in Interest

In moving to dismiss, the government has argued that the United States of America is the real party in interest and the only party who can properly be a defendant in this matter. In general, Rule 17 provides in relevant part that "[a]n action must be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a)(1).

The United States of America, not its agencies or its employees, is the proper party for suit sounding in tort. The basic jurisdictional statute--28 United States Code, Section 1346(b)--confers jurisdiction on a federal district court to hear claims sounding in tort against the United States, not against its agencies. This point is amplified in Section 2679(c):

> (a) The authority of any federal agency to sue or be sued in its own name shall not be construed to authorize suits against such federal agency or claim cognizable under Section 1346(b) of this Title and the remedies provided by this Title in such cases shall be exclusive.

Together, these two statutory provisions have uniformly been held to bar a suit which is directed against the federal agency *eo nominee* rather than against the United States. See e.g., Stewart v. United States, 655 F.2d 741 (7th Cir. 1981); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir.), cert. denied, 382 U.S. 892 (1965); Crockett v. Citizens & Southern Finance Corp., 349 F.Supp. 1104, 1105 (N.D. Ga. 1972).

Therefore, the plaintiff's Complaint naming a federal employee and agency must be dismissed as the real party defendant to a claim that an IRS levy is improper is the United States of America.

### B. Subject Matter Jurisdiction

Having first determined that the only party in interest to this action is the United States of America, the undersigned must next consider whether there is subject matter jurisdiction in this court over plaintiff's claim against such defendant. The court has read the allegations of the Complaint in a light most favorable to finding subject matter jurisdiction. As discussed below, however, this court lacks jurisdiction over the subject matter of this suit.

Plaintiff brought this suit in response to a Notice of Levy purportedly served by the IRS on Automatic Data Processing, Inc. As discussed above, plaintiff seeks injunctive relief to prohibit such action by the United States. This court cannot, as a matter of law, provide the plaintiff with the relief he seeks because the Anti-Injunction Act bars suits brought for the purpose of restraining the collection of any tax and the Declaratory Judgment Act excepts from federal courts' jurisdiction cases requesting declarations with respect to federal taxes. While 28, United States Code, Section 1361 provides that district courts have original jurisdiction of any action in the nature of *mandamus* to compel an officer or employee of the United States or any agency thereof to perform a duty, such provision does not constitute a waiver of sovereign immunity. <u>Ocean Breeze Festival Park, Inc. v. Reich</u>, 853 F. Supp. 906, 917 (E.D. Va. 1994), *aff'd*, <u>Virginia Beach Policemen's Benev. Ass'n v. Reich</u>, 96 F.3d 1440 (4th Cir. 1996). While the United States has waived its sovereign immunity in certain areas, the waiver is <u>limited</u> and the United States of America remains immune except to the extent of its consent, the terms of which have been expressly and specifically set forth by Congress. These express parameters define this court's subject-matter

jurisdiction.  See United States v. Orleans, 425 U.S. 807, 814 (1976); Dalehite v. United States, 346 U.S. 15 (1953). The Administrative Procedures Act, 5, United States Code, Section 702, waives sovereign immunity in cases seeking *mandamus*, but this general waiver does not provide a basis for jurisdiction where more specific statutes, namely the Anti-Injunction Act and the Declaratory Judgment Act, bar requested relief. McCarty v. United States, 929 F.2d 1085 (5th Cir. 1991).

Specifically, the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment and collection of any tax shall be maintained in any court by any person." 26 U.S.C. 7421(a).  Similarly, the Declaratory Judgment Act excepts from federal courts' jurisdiction cases requesting declarations with respect to federal taxes, 28, United States Code, Section 2201(a), and provides a separate ground for dismissal of this action due to lack or jurisdiction. Jordan v. United States, 863 F. Supp. 270, 274 (E.D.N.C. 1994).  The Declaratory Judgment Act explicitly excepts tax issues:

> In a case of actual controversy within its jurisdiction, <u>except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986</u> . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a)(emphasis added).

The undersigned must, therefore, respectfully recommend that this action be dismissed in its entirety as the only proper claim would be one against the United States of America, and this court lacks subject matter jurisdiction to hear plaintiff's

claims against the sovereign in this particular case.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that the United States of America be **SUBSTITUTED** for all named federal parties as the real party in interest, that the named parties be **DISMISSED** from this action, and that plaintiff's Motion to Dismiss Amended Complaint (#15) be **ALLOWED,** that the remainder of this action be **DISMISSED** for lack of subject matter jurisdiction, and that **JUDGMENT** be entered providing that plaintiff have and take nothing of any defendant in this matter.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: June 9, 2009

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge