# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CIVIL NO. 2:09CV18

| | |
|---|---|
| ALBERT SPANGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | )  **O R D E R** |
| | ) |
| MARY HANNAH, and the INTERNAL REVENUE SERVICE, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Magistrate Judge's Second Memorandum and Recommendation, filed June 10, 2009, and the Plaintiff's timely filed objections thereto.

The Second Memorandum and Recommendation addresses the United States' motion to dismiss the Defendants Hannah and the Internal Revenue Service (IRS) because the real party in interest is the United States. Additionally, the United States argues the Court lacks subject matter jurisdiction "because the Anti-Injunction Act and the Declaratory Judgment Act preclude jurisdiction of the federal district courts in actions

seeking to impede the collection of federal income taxes.  **See Fed. R. Civ. P. 12(b)(1); United States' Motion to Dismiss, filed May 14, 2009, at 1.**

The Plaintiff is challenging a writ of garnishment issued by the IRS in an attempt to collect on his unpaid income tax liabilities.  He alleges, *inter alia*, that the IRS lacks such authority; that taxation of individuals violates the Sixteenth Amendment; and advances other "tax protester" type arguments.  **See generally, Complaint, filed February 13, 2009.**  The Plaintiff restates his complaints against Defendants Hannah and the IRS in his response to the Government's motion to dismiss and such are reiterated in his objections to the Second Memorandum and Recommendation.  Plaintiff points to no error in the Second Memorandum and Recommendation nor does he come forward with any argument why this Court should not adopt the findings therein.

A party may file written objections to a Magistrate Judge's memorandum and recommendation within ten days after being served with a copy thereof.  **28 U.S.C. § 636(b)(1).**  "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections."  ***Thomas v. Westinghouse Savannah River Co.*, 21 F. Supp. 2d 551, 560 (D.S.C.

1997); *see also*, **Battle v. United States Parole Comm'n**, 834 F.2d 419, 421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to."). "Frivolous, conclusive or general objections need not be considered by the district court." *Id.* "A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." **Aldrich v. Bock**, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* **Jones v. Hamidullah**, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report]."). General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review. **Tyler v. Beinor**, 81 F. App'x 445, 446 (4th Cir. 2003); **United States v. Woods**, 64 F. App'x 398, 399 (4th Cir. 2003). Where no objection is made, however, the Court need "'only satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

Because the Plaintiff has made no objections (specific or otherwise) to the Second Memorandum and Recommendation, the Court finds, after a careful review thereof, that the proposed findings of fact are supported by the record and that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's Recommendation that the United States' motion to dismiss be granted in its entirety.

**IT IS, THEREFORE, ORDERED** that the United States' motion to dismiss Defendants Hannah and the Internal Revenue Service is **ALLOWED**, and the United States of America is hereby substituted as the real party in interest.

A Judgment dismissing this matter is filed herewith.

Signed: July 15, 2009

Lacy H. Thornburg
United States District Judge